1
2
3
4
5
6

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7   RANDALL THILL,                                  Case No. C-05-4893 JCS

8           Plaintiff,

                                                    **ORDER GRANTING IN PART AND**
9   v.                                              **DENYING IN PART DEFENDANT'S**
                                                    **MOTION TO TRANSFER VENUE**
10  EDWARD D. JONES & CO., L.P.,                    **[Docket No. 45]**

11          Defendant.

12  _____/

13  **I.      INTRODUCTION**

14          On Friday, September 8, 2006,  Defendant's Motion to Transfer Venue and, in the

15  Alternative, Motion to Coordinate (the "Motion"), came on for hearing.  For the reasons stated

16  below, the Motion is DENIED as to Defendant's request to transfer the action and GRANTED as to

17  the request for coordination.

18  **II.     BACKGROUND**

19          This purported class action was filed in Alameda County Superior Court on October 20,

20  2005.  It was removed to this Court on November 29, 2005.  Plaintiff, Randall Thill, is a former

21  employee of Defendant Edward D. Jones & Co., L.P. ("Edward Jones").  Complaint, ¶ 5.  He was

22  employed as a securities broker with the title of Investment Representative ("IR").[1]  He alleges that

23  Edward Jones violated the federal Fair Labor Standards Act ("FLSA") and California state law by

24  classifying IRs working in California as exempt from payment of overtime compensation.

25  Complaint, ¶¶ 11-16.  Thill lives in San Diego County and maintained an office there when he

26
27
28          [1]Although the term "Investment Representative" is not used in the complaint, in their briefs both
parties refer to Thill as an "Investment Representative" of Edward Jones.

**United States District Court**
For the Northern District of California

worked as an IR. Declaration of Timothy Huskey in Support of Defendant's Motion to Transfer and, in the Alternative, Motion to Coordinate ("Huskey Decl."), ¶ 8; *see also* Opposition at 8 (stating that Thill lives in San Diego County). Edward Jones maintains its headquarters in St. Louis, Missouri. Declaration of Cynthia A. Doria in Support of Defendant's Motion to Transfer and, in the Alternative, Motion to Coordinate ("Doria Decl."), ¶ 2.

Two other later-filed actions challenging Edward Jones' policy regarding payment of overtime compensation to IR's are pending outside this district. First, on March 16, 2006, Plaintiff James Ellis filed a complaint, styled as a class action, in the Western District of Pennsylvania alleging that Edward Jones is violating Pennsylvania law by failing to pay overtime compensation to its IRs in Pennsylvania. *See* Huskey Decl., Ex. D (Complaint, *James E. Ellis v. Edward D. Jones & Co., L.L.P.* ("*Ellis*")) & E (MDL brief) at 2 (stating that *Ellis* complaint was filed March 16, 2006). Second, Plaintiff Gerald Booher filed in the Central District of California a purported class action on behalf of all IRs employed by Edward Jones throughout the United States. *See* Huskey Decl., Ex. B (First Amended Complaint, *Gerald Booher v. Edward D. Jones & Co., L.P.* ("*Booher*"). Booher asserts that Edward Jones' policy violates the FLSA. *Id.* Although Booher filed his complaint in the Central District of California, he resides in Cary, North Carolina. Huskey Decl., Ex. C (Stipulation and Order Transferring Case to the Western District of Pennsylvania Pursuant to 1404(a)( "Booher Transfer Order")), ¶ 4.

Soon after he filed his complaint, the plaintiff in *Ellis* filed a motion before the Judicial Panel on Multidistrict Litigation seeking transfer of all three actions to the same district "for centralization and pretrial coordination or consolidation." Ellis asserted that these actions should be transferred pursuant to 28 U.S.C. § 1407 because all three actions had common facts and centralization would further the convenience of the parties and witnesses and would promote the just and efficient conduct of the actions. Huskey Decl., Ex. E (MDL brief) at 2. In an order filed June 16, 2006, the MDL Panel denied the motion. Huskey Decl., Ex. F (MDL Decision). The Panel explained the reasons for its decision as follows:

> On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization presently would neither serve the convenience of the parties and witnesses nor further the just and

**United States District Court**
For the Northern District of California

efficient conduct of the litigation.  In this docket containing just three actions, movants have failed to persuade us that any common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer under the current circumstances.  Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

*Id.*

On July 20, 2006, *Booher* was transferred to the Western District of Pennsylvania pursuant to the stipulation of the parties.  Huskey Decl., Ex. C (Booher Transfer Order).  On August 22, 2006, *Booher* was reassigned to Judge Kim Gibson, who is also presiding over *Ellis*.  Declaration of Timothy M. Huskey, With Exhibits, in Reply to Plaintiff's Opposition to Defendant's Motion to Transfer ("Huskey Reply Decl."), Ex. A (Order Reassigning Case).

In the Motion, Edward Jones argues that this action should be transferred to the Western District of Pennsylvania as well, pursuant to 28 U.S.C. § 1404(a).  Edward Jones argues that transfer is in the "interest of justice" because centralization of all three cases will prevent waste, duplication of effort and the risk of inconsistent outcomes.  Edward Jones further asserts that Thill's choice of forum should be given little weight because Thill does not reside in this district and did not work as an IR in this district.  Finally, Edward Jones asserts that transfer will serve the convenience of the parties and the witnesses.

In support of its assertion that transfer will promote judicial efficiency, Edward Jones points out that the main substantive issue in all three cases – whether Edward Jones should have paid its IRs overtime – is identical.  Edward Jones further points to the fact that this action is a Rule 23 class action, requiring that putative class members opt out to avoid participation, whereas the other two actions are collective actions under 28 U.S.C. § 216(b), requiring that putative class members opt *in* if they wish to participate.  As a result, Defendant argues, California IRs – who are encompassed in both the *Booher* nationwide class and in the *Thill* class – will receive conflicting and confusing notices, telling them both that they must opt in and opt out to participate unless the cases are centralized.  More broadly, centralization will ensure consistency in communications with class

3

United States District Court

For the Northern District of California

1    members in the three cases.  Edward Jones also asserts that centralization of the three lawsuits will

2    allow the parties to eliminate inconsistent deadlines in the three actions and will facilitate settlement.

3    　　　　　With respect to the deference that is normally afforded the plaintiff's choice of forum,

4    Edward Jones asserts that Thill's choice of forum should be disregarded because Thill has no

5    connection with this district and was forum shopping when he filed this action in Alameda County.

6    　　　　　Finally, Edward Jones argues that most of the witnesses and documents that Plaintiff is likely

7    to rely on are in St. Louis and virtually none are here.  Therefore, it asserts, transferring the case to

8    the Western District of Pennsylvania will be more convenient for the parties.

9    　　　　　In his Opposition, Thill asserts that transfer will not advance the interest of justice or the

10   convenience of the parties and that Thill's choice of forum should be given at least some deference

11   because numerous putative class members likely reside in this district.  On the first issue, Thill

12   points out that the MDL Panel already concluded that transfer *is not* in the interest of justice.  Thill

13   also argues that the danger of inconsistent communications with class members is not a problem,

14   citing to a declaration filed in support of his opposition by counsel of record in *Booher*, Gerald

15   Wells.  *See* Declaration of Gerald D. Wells III in Support of Plaintiff's Opposition to Defendant's

16   Motion to Transfer ("Wells Decl.").  Wells states as follows:

17            Even though the current complaint in *Booher* alleges a nationwide
              class with respect to its alleged FLSA claims, Booher will not seek to
18            include any California-based IRs in any proposed opt-in class to be
              certified.  If *Booher* is certified as a Rule 216(b) opt-in collective
19            action, counsel for Plaintiff Booher will ensure that the class is defined
              to exclude California-based IRs, and further will ensure that
20            California-base[d] IRs are not mailed any notice related to certification
              of the opt in class.  It is Booher's intent to seek to represent all IRs
21            represented by Edward Jones outside California only as far as his
              FLSA claims are concerned.
22

23   Wells Decl., ¶ 3.

24   　　　　　Thill also asserts that transfer would not be in the interest of justice because the case involves

25   several unique issues, many of which turn on California state law.  In particular, in this action, in

26   contrast to *Ellis* and *Booher*, the court will need to resolve whether Thill will be permitted to

27   proceed under Cal. Bus. & Prof. Code § 17200, thus allowing him to certify an opt-out class under

28   Rule 23.  If Thill does proceed under Rule 23, he argues, the certification standard will be

1   completely different, thus eliminating the potential for inconsistent outcomes.  In this case, Thill

2   argues, the court also will be required to determine whether any California exemptions apply.

3   Finally, Thill notes that his second theory of liability is based on California Labor Code § 2802 and

4   California case law prohibiting employers from passing on business expenses to their employees.

5        Regarding the convenience of the parties, Thill disputes the contention of Edward Jones that

6   most of the evidence and witnesses are outside the district, pointing out that much of the evidence in

7   the case will be obtained by deposing the California IRs.  For these IRs, Thill asserts, a transfer to

8   Pennsylvania would be extremely inconvenient.  Further, travel to Pennsylvania would be extremely

9   burdensome to Thill and would not be particularly convenient to the many individuals employed by

10  Edward Jones in St. Louis who are likely to be witnesses in the case.  In addition, Thill argues, none

11  of the witnesses, parties or evidence are located in the proposed transferee forum.  Nor is a

12  Pennsylvania court likely to be familiar with the many California law issues raised in Thill's action.

13       Thill asserts that his forum choice should be given some deference even if it is a class action,

14  pointing to evidence that Edward Jones has 95 branch offices within 50 miles of San Francisco and

15  500 branch offices in California, giving California an interest in the outcome of this litigation.

16       In its Reply, Edward Jones asserts that the Wells Declaration, rather than showing that there

17  is no possibility of inconsistent outcomes, illustrates the danger of allowing this action to proceed

18  separately from the other two.  In particular, Edward Jones asserts, the fact that Booher's attorney

19  stated in a declaration in this action that the class in that case would not include California IRs but

20  did not file any pleading in the *Booher* action amending the complaint to reflect such a limitation

21  indicates that the plaintiffs are likely to take inconsistent positions when it serves their interests.

22       Edward Jones rejects Thill's assertion that the MDL Panel already concluded that transfer is

23  not in the interest of justice, arguing that the MDL Panel expressly stated that the parties should use

24  "alternative procedures," of which a § 1404(a) transfer is one.  In addition, Edward Jones asserts that

25  circumstances have changed since the MDL Panel ruled on the motion to consolidate because the

26  *Booher* case has been transferred to the Western District of Pennsylvania.  Finally, Edward Jones

27  reiterates that the potential for inconsistent outcomes regarding the main substantive issue in the

28  case, whether IRs should be paid overtime, is a strong factor in favor of transfer.

**United States District Court**
For the Northern District of California

1    **III.    ANALYSIS**

2         **A.    Legal Standard**

3         Pursuant to 28 U.S.C. § 1404(a), a case may be transferred "for the convenience of the

4    parties of the parties and witnesses, in the interest of justice" to "any other district or division where

5    the action might have been brought."[2]  A party seeking transfer must make "a strong showing . . . to

6    warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*,

7    805 F.2d 834, 843 (9th Cir. 1986).

8         In determining whether to transfer an action pursuant to § 1404(a), the court must balance a

9    number of case-specific factors, "including the plaintiff's initial choice of forum, convenience to the

10   parties and witnesses, access to evidence, and the interests of justice." *London and Hull Maritime*

11   *Ins. Co. Ltd. v. Eagle Pacific Ins. Co.*, 1996 WL 479013 (N.D. Cal., August 14, 1996).  "The

12   'interests of justice' consideration is the most important factor a court must consider, and may be

13   decisive in a transfer motion even when all other factors point the other way." *Id.*  The pendency of

14   related actions in the proposed transferee forum is a "highly persuasive factor" in determining

15   whether a transfer is in the interest of justice.  *Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1910934

16   (N.D. Cal., August 10, 2005) at *3; *see also Continental Grain Co. v. Barge F.B.L. - 585*, 364 U.S.

17   19, 26 (1960)( holding that "[t]o permit a situation in which two cases involving precisely the same

18   issues are simultaneously pending in different district courts leads to the wastefulness of time,

19   energy and money that § 1404(a) was designed to prevent").

20        Other factors considered by courts in determining whether a case should be transferred under

21   § 1404(a) are: "(1) the location where the relevant agreements were negotiated and executed, (2) the

22   state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

23   respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action

24   in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the

25   availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8)

26

27        _____

28        [2]  The parties do not dispute that the action could have been brought in the Western District of Pennsylvania.

**United States District Court**
For the Northern District of California

1    the ease of access to sources of proof."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th

2    Cir. 2000).

3           Although the plaintiff's choice of forum generally is given "great weight," less weight is

4    given to the choice of forum where the plaintiff represents a class.  *Lou v. Belzberg*, 834 F.2d 730,

5    739 (9th Cir. 1987).  In determining the weight to be given the plaintiff's choice of forum in a class

6    action, the court should consider the parties' contacts with the forum, including those relating to the

7    plaintiff's cause of action.  *Id*.  If the operative facts in the case did not occur in the forum, the forum

8    has no interest in the parties or the subject matter and the plaintiff's choice of forum is entitled to

9    little consideration.  *Id*.

10          **B.      Consideration of Factors**

11          Edward Jones' strongest argument in favor of transfer is that it is in the interest of justice

12   because two cases that address almost identical issues are already pending in the Western District of

13   Pennsylvania.  Coordination of the three actions clearly makes sense and the possibility of

14   inconsistent results arguably supports transfer of the action for trial (rather than simply coordinating

15   pretrial proceedings).  The need for coordination regarding class notice is also clear.

16          Nonetheless, a number of factors persuade the Court that coordination with the court in the

17   Western District of Pennsylvania, rather than transfer, is appropriate.  First, this action was the first

18   of the three actions to be filed, is brought on behalf of a class of California plaintiffs, and,

19   notwithstanding the significant overlap between the cases, raises unique questions of California law.

20   Under these circumstances, Defendant bears a heavy burden to show that its concerns regarding

21   duplication of effort and coordination require a transfer that will deprive Plaintiffs of a California

22   forum.  Defendant has not met that burden.  Rather, the Court finds that its concerns can be

23   adequately addressed through coordination between the parties and with the one other court

24   involved.

25          Second, it is apparent that transfer to the Western District of Pennsylvania will not be more

26   convenient for *any* of the parties: no relevant documents, witnesses, or parties are located in the

27   Western District of Pennsylvania.  In fact, the only connection between this case and that district is

28   the fact that the two other cases are being heard there.

**IV.   CONCLUSION**

For the reasons stated above, the Motion is DENIED as to the request to transfer the action to the Western District of Pennsylvania.  The Motion is GRANTED as to the request for coordination. As stated in the Court's September 11, 2006 Order, **counsel in all three cases shall meet and confer and provide the Court with a proposed coordination order no later than September 29, 2006.**  A further Case Management Conference to address this issue has been set for **October 6, 2006, at 1:30 p.m.**

IT IS SO ORDERED.

Dated: September 18, 2006

JOSEPH C. SPERO
United States Magistrate Judge

United States District Court

For the Northern District of California

8