UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDALL THILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P., a limited partnership and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C 05 4893 JCS<br><br>**STIPULATION AND [**~~PROPOSED~~**] COORDINATION ORDER**<br><br>Judge: Hon. Joseph C. Spero |

Pursuant to the Court's Orders of September 8, 2006, September 11, 2006, and September 18, 2006, the parties to the instant lawsuit were to "meet-and-confer with counsel in Case Nos. 06-CV-66J (W.D. PA 2006) Ellis v. Edward D. Jones & Co., L.P., and 06-CV-1029 KRG (W.D. PA) Booher v. Edward D. Jones & Co., L.P., and file a joint proposed coordination order (and any separate proposals on areas of disagreement) by September 29, 2006." (Court's Order dated Sept. 11, 2006). In compliance with this Court's Order, Plaintiff Randall Thill and defendant Edward D. Jones & Co., L.P. ("Edward Jones"), by and through their respective counsel, have now met-and-conferred with plaintiff James Ellis' counsel Gary Lynch and plaintiff Gerald Booher's counsel Gerald Wells, III (hereinafter, the Booher, Ellis, and Thill lawsuits will be referenced collectively as the "Subject Actions"). Each of the parties to the Subject Actions have agreed to a schedule and the parties to this case hereby submit this Stipulation and [Proposed] Coordination Order ("Order"), along with an Agreed Coordinated Discovery and Pre-Trial Schedule attached hereto as **Exhibit A.** This schedule will be filed as a separate document in each of the cases. Judge Kim R. Gibson, who is presiding over the Booher and Ellis lawsuits, which have now been consolidated, has stated that he is amenable to this proposed schedule.

---

STIPULATION AND [~~PROPOSED~~] COORDINATION ORDER

CASE NO. C 05 4893 JCS

Now, therefore, subject to each Court's approval of this Order, the parties hereby stipulate as follows:

**1.  Coordination of Discovery.**

Pre-Trial Proceedings in the Subject Actions shall be hereby coordinated, on the terms set out below, to prevent unnecessary conflicts and expense and expedite the disposition of all three cases.

**2.  Filed in All Subject Actions.**

The terms of this Order and the Agreed Coordinated Discovery and Pre-Trial Schedule have been agreed to by Plaintiffs' counsel in the Subject Actions and by Defendant's Counsel. This schedule is subject to an agreement concerning the Booher and Ellis consolidated complaint which is to be filed. The parties hope to reach this agreement as to that issue by the October 6, 2006 Case Management Conference.

**3.  Document Discovery.**

Under the Agreed Coordinated Discovery and Pre-Trial Schedule, the Parties to the Thill lawsuit must complete the exchange of documents responsive to the initial written discovery requests by October 31, 2006. Copies of these responses will be provided to counsel for Plaintiff Booher and Plaintiff Ellis upon: (1) Entry of the same protective order by Judge Gibson that has been entered in the instant matter (pursuant to the terms discussed in subsection (b)); and/or (2) Upon signing an agreement to treat these documents and information as Attorneys' Eyes Only until Judge Gibson enters a mutually agreeable protective order.

(a)  *Duplicative Discovery.*  Counsel for the parties in the Ellis and Booher lawsuits will serve written discovery requests (Requests for Production, Interrogatories, and Requests for Admissions), written objections to these discovery requests, and provide substantive responses to written discovery according to the Agreed Coordinated Discovery and Pre-Trial Schedule, attached hereto as Exhibit A. Plaintiffs' counsel in the Subject Actions will work together on these requests to ensure that the requests are not duplicative. Counsel for Plaintiffs who have

individual or divergent positions or issues requiring discovery may present separate discovery requests relating to such issues, provided that in doing so they do not unnecessarily repeat discovery already-obtained by Counsel for Plaintiff in another Subject Action and within the time frames specified.

(b)  *Information Produced Pursuant to Protective Order*.  Counsel for Plaintiffs in the Booher and Ellis matters and Counsel for Defendant agree to file a joint stipulation proposing that Judge Gibson enter a Protective Order in the Booher and Ellis lawsuits with the same terms as the Protective Order that has already been entered in the Thill lawsuit. Counsel for Plaintiffs in the Subject Actions shall then be entitled to share discovery responses and documents produced by Defendant in any of the Subject Actions, subject to the terms of the Protective Order.

**4.    Depositions.**

Under the Agreed Coordinated Discovery and Pre-Trial Schedule, the Parties to the Subject Actions agree that they will follow the proposed deadlines for serving deposition notices pursuant to Fed. R. Civ. P. 30(b)(6), objecting to these notices, and completing these depositions.

(a)  *Cross-Notice of Depositions*.  Depositions of persons whose testimony will likely be relevant in the Subject Actions shall be cross-noticed by all parties for use in all of the Subject Actions.  Any party to the Subject Actions will have the right to attend and participate in any deposition noticed in any of the Subject Actions.

(b)  *Depositions of Corporate Representatives*.  Depositions of corporate representatives should also be cross-noticed by all parties for use in all Subject Actions.  Counsel for Plaintiffs shall be entitled to share the transcripts of any depositions taken in the Subject Actions, subject to the Protective Order.

(c)  *Failure to Attend*.  Failure to attend a deposition for which a party has been provided appropriate notice in accordance with this order shall result in that party forfeiting its right to depose such individual or corporate representative.

**5.    Modification of Order.**

Nothing herein shall prevent any party from moving to broaden, narrow, or otherwise modify this Order as circumstances warrant.

**6.     Other Litigation.**

Upon motion, these provisions may be ordered applicable to cases involving the same common issues subsequently filed in other courts.

IT IS SO STIPULATED.

Dated: September 29, 2006         DOSTART CLAPP GORDON & COVENEY, LLP

/s/ James F. Clapp
JAMES F. CLAPP
Attorneys for Plaintiff

RANDALL THILL

Dated: September 29, 2006         GREENSFELDER, HEMKER & GALE, P.C.

/s/ Timothy M. Huskey
TIMOTHY M. HUSKEY
Attorneys for Defendant

EDWARD D. JONES & CO., L.P.

IT IS SO ORDERED.

Dated: October 3, 2006            _____
                                  HON. Judge Joseph C. Spero

914974

---

4
STIPULATION AND [~~PROPOSED~~] COORDINATION ORDER
CASE NO. C 05 4893 JCS